UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HILLCREST CENTER, LLC,

          Plaintiff,

v.

TON REAL ESTATE INVESTMENTS III, LLC,
DANIEL OLSWANG, AND JOHN THOMAS,

          Defendants.

Civil No. 20-1158 (JRT/JFD)

**ORDER AWARDING DAMAGES TO PLAINTIFF**

Lehoan T. Pham and William L. Moran, **HAWS-KM, PA**, 30 East Seventh Street, Suite 3200, Saint Paul, MN 55101, for plaintiff;

Erik Rootes, Julia J. Nierengarten, and Karl J. Yeager, **MEAGHER & GEER PLLP**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, for defendants.

In August 2021, the Court granted Hillcrest Center, LLC's ("Hillcrest") Motion for Summary Judgment. Subsequently, the Court ordered Hillcrest and the Defendants, Ton Real Estate Investments III ("TREI"), Daniel Olswang, and John Thomas, to submit briefs on the issue of money damages. Hillcrest requests payment of damages arising from Olswang and Thomas's breach of a promissory note (the "Note"). Defendants respond that the Note was nullified by a subsequent contract for deed. Because the Court has already found that the contract for deed was only a proposal and that Olswang and Thomas breached the Note, the Court will award Hillcrest its damages arising from the breach of the Note.

**BACKGROUND**

The factual background of this matter is laid out in detail in the Court's Order Granting Hillcrest's Motion for Summary Judgment. (Memo. Op. Order Granting Pl.'s Mot. Summ. J. ("Order"), Aug. 25, 2021, Docket No. 69.) In brief, Hillcrest entered into an agreement with TREI, whereby TREI agreed to purchase a shopping center from Hillcrest (the "Agreement"). (*Id.* at 2.) The Agreement was amended several times, and the parties executed the Note obligating Olswang and Thomas to pay $250,000 if TREI failed to perform under the Agreement. (*Id.* at 5–8.) When TREI failed to perform, Hillcrest sent TREI a proposed draft contract for deed to supersede the Agreement. (*Id.* at 8.) TREI added a provision to the draft, declaring the Note to be null and void upon execution of the contract for deed. (*Id.* at 9.) Hillcrest refused to execute the contract for deed. (*Id.*) Hillcrest then filed an action in this Court alleging that TREI had breached the Agreement and requesting specific performance. (*Id.*) After limited discovery, the parties filed cross-motions for summary judgment. (*Id.* at 9–10.) The Court found that the Agreement was binding, that TREI was in breach of the Agreement, and that Olswang and Thomas were in breach of the Note. (*Id.* at 22.)

The Court ordered the parties to submit briefing on whether specific performance was an appropriate remedy. (*Id.* at 23.) The parties simultaneously submitted documents to the Court stating that specific performance was likely impossible or impractical, and that the Court should order money damages. (Defs.' Br. Specific Performance, at 2 Sept.

24, 2021, Docket No. 71; Pl.'s Br. Specific Performance, at 5, Sept. 24, 2021, Docket No. 73.)

In its brief on specific performance, Hillcrest requested that the Court order the Defendants to pay damages arising from the Note. (Pl.'s Memo. Specific Performance, at 4.) Damages claimed include the principal ($250,000), interest ($42,985.37) [1], attorney's fees ($68,449), and court costs ($1,097.80). (*Id.*) The Defendants did not request a specific amount in money damages, instead stating that the "appropriate remedy is the measure of damages based upon the purchase price minus the actual market value of the [shopping center] at the date of the TREI's breach, plus any expenses reasonably incurred to mitigate the damages, and minus any down payment already received by Hillcrest." (Defs.' Br. Specific Performance, at 4.) After receiving the briefs on the specific performance issue, the Court requested additional briefing on the issue of money damages. (Briefing Order, Nov. 24, 2021, Docket No. 77.)

## DISCUSSION

### A. Damages

The Defendants assert that Hillcrest cannot collect damages arising from the Note because the "parties entered the Contract for Deed as a subsequent contract that

---

[1] The interest on the Note is 12 percent per annum. (Order, at 8.) With a principal of $250,000 the per diem rate is $82.19. Hillcrest calculated the interest between April 15, 2020 (when interest began accumulating) and December 6, 2021, that amount was $49,314.00. (Pl.'s Mem. Supp. of Money Damages, at 4, Dec. 10, 2021, Docket No. 79.)

superseded the [Agreement] and the Note." (Defs.' Br. Monetary Damages, at 3, Dec. 3, 2021, Docket No. 78.)  That argument is foreclosed by the Court's Order Granting Summary Judgment.  The Court found that the contract for deed was merely proposed and never executed. (Order, at 8–9.)  As such, the Agreement was not superseded, and TREI had breached its obligations under the Agreement. (*Id.*, at 22.)  Moreover, the Court explicitly stated that "Olswang and Thomas also are in breach, as it is indisputable that Hillcrest demanded payment pursuant to the Note after TREI's breach and that neither individual has paid the $250,000 owed." (*Id.*)  The Defendants present no other argument contesting Hillcrest's request for payment on the Note.  As a result, the Court will award Hillcrest judgment for the sum of the principal of the Note plus interest.[2]

### B. Attorney's Fees

Hillcrest requested attorney's fees in the amount of $68,449.  However, as both parties now acknowledge, such costs are generally determined after judgment has been entered.  *See* L.R. 54.3(c)(1)(A) (a party may seek costs "[w]ithin 30 days after judgment is entered[.]").[3]  As a result, the Court will enter judgment only on contractual damages and interest at this time.

---

[2] Plaintiffs may submit a request for interest through the date of this order.

[3] "Defendants respectfully request that the Court direct Hillcrest" to file a motion for attorneys' fees "once the Court has entered judgment, in order to permit Defendants an opportunity to respond appropriately and in accordance with the rules." (Defs.' Br. Monetary Damages, at 5.)  "Hillcrest recognizes that the Court typically first enters judgment and then rules on entitlement to costs, disbursements, and attorney's fees." (Pls.' Mem. Supp. Money Damages, at 9.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs are awarded a money judgment against Defendants jointly and severally in the amount of $250,000 plus interest in the amount of $58,848.04 through April 1, 2022, and

2. Plaintiffs shall submit a motion for attorneys' fees and costs with appropriate support within thirty days of the date of this Order.  Defendants shall have seven days to respond to the motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 1, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court